UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRICKLAYERS' UNION LOCAL NO. 1, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:10-CV-1588 (CEJ) ) |
| REID MASONRY, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment. The records shows that defendant was served a copy of the summons and complaint on September 7, 2010 and has not filed an answer or other responsive pleading. On plaintiffs' motion, the Clerk of Court entered default against defendant on October 19, 2010.

Plaintiffs are employee benefit funds and their trustees who seek to recover unpaid employee benefits contributions owed under the collective bargaining agreement (CBA) in place between the Bricklayer's Local Union No. 1 of Missouri (the "Local Union") and defendant Reid Masonry, LLC. Plaintiffs claim they are entitled to unpaid fringe benefit contributions, interest, liquidated dames, fees and costs under the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1132 as set forth in the parties' CBA. Plaintiffs allege that they conducted an audit of defendant's payroll and related records for the period of January 1, 2009 through September 15, 2009 that reflected unpaid contributions and liquidated damages in the amounts of $39,917.67 and $4,749.49, respectively. (Doc. #1 para. 17). Plaintiffs further claim that

defendant made some payments on this amount, but that they still owe $12,343.91 in contributions and $4,749.49 in liquidated damages. (Doc. #6). A second audit conducted by plaintiffs for the period September 15, 2009 to January 16, 2011 has allegedly revealed an additional $25,754.03 and $5,277.84 in unpaid contributions and liquidated damages. (Doc. #11). Based on these representations, plaintiffs ask that the Court award them $38,097.94 in unpaid contributions, $10,027.33 in liquidated damages, $498.00 in attorneys' fees, $402.50 in costs, and $1,523.04 in accounting fees incurred in this matter. (Doc. #10).

## I. Legal Standard

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages

determination" is insufficient. Id. at 917).

II. Discussion

Taking the allegations in their complaint as true, plaintiffs have established that defendant was bound by a valid collective bargaining agreement during the period beginning June 1, 2007 through the present. They have also established that defendant breached the CBA by failing to timely submit payroll reports and contributions. Consistent with ERISA, the CBA provides for liquidated damages, fees and costs associated with these unpaid contributions as well as a right to examine defendant's payroll records. Having determined that plaintiffs are entitled to default judgment based upon their pleadings, the Court must next examine whether they have submitted sufficient evidence to show they are entitled to the amount of damages they seek.

In support of their claims for unpaid contributions, liquidated damages, and interest, plaintiffs have submitted an affidavit and exhibits from Charles Kinder, a CPA with the firm Grabel, Schnieders, Hollman and Co., PC. (Docs. #6-5, 6-6). The Kinder affidavit states that an examination of defendant's records revealed that they have failed to make contributions on 2,152.75 employee hours. Based on these unreported hours, Kinder has spreadsheets of his calculations showing $39,917.67 in contributions owed resulting in $4,749.49 in liquidated damages. This affidavit also states that plaintiffs incurred $850.29 in accounting fees for this audit report.

Next, plaintiffs have submitted an affidavit with exhibits from Gary Juenger, the administrative manager of the Welfare and Pension funds. (Docs. #6-2, 6-3, 6-4). Juenger states that defendant made some payments after the above audit and that their current amount owed is $17,093.40, representing $12,343.91 in unpaid

contributions and $4,749.49 in liquidated damages.  The Juenger affidavit also includes as exhibits a copy of the CBA bearing the signatures of defendant and the Local Union. The CBA sets forth total contribution rates for the various plaintiff funds that correspond to the values used by Kinder in calculating unpaid contributions ($17.48 per hour for February-May 2009 and $19.00 per hour for June-September 2009).  Based on the foregoing, the Court finds that plaintiffs have proved that the damages they request for the time period January 1, 2009 through September 15, 2009 have been calculated correctly and are based upon a reasonable interpretation of the CBA.

Pursuant to the Court's order granting plaintiffs' request to compel a second accounting, plaintiffs conducted a second audit for the period from September 16, 2009 through January 16, 2011.  The second audit shows that defendants owe an additional $25,754.03 and $5,277.84 in unpaid contributions and liquidated damages, respectively.  Plaintiffs have submitted two additional affidavits by Charles Kinder and Greg Juenger as well as spreadsheets showing the methodology behind these additional amounts.  The audit revealed an additional 1,307.75 employee hours for which defendants have not submitted contributions.  The contribution rates– between $19.00 and $20.66 per hour – accurately reflect the terms of the parties' CBA.  As such, the Court finds that the amounts claimed by plaintiffs as a result of the second audit are based upon reasonable assumptions and are accurate based.

Finally, plaintiffs submit an affidavit from their attorney, Greg Campbell, setting forth the attorneys' fees and costs incurred in this matter.  (Doc. #6-1).  The affidavit specifies the hours expended by Mr. Campbell's firm, the hourly rates and the type of work performed resulting in $498.00 in attorneys' fees and $402.50 in costs. Id. The Court finds the attorneys' fees and costs claimed by plaintiffs are reasonable when

compared with similar actions to recover unpaid employee benefit contributions under ERISA.

Plaintiffs also seek reimbursement for the two payroll audits completed by plaintiffs' accountants. The affidavits submitted by Charles Kinder state that the first audit was performed at a cost of $850.29 and the second at a cost of $672.75. (Doc. Nos. 6-5 and 11-2). The Court finds that these amounts are reasonable and recoverable under the parties' CBA and under ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #5] is **moot**.

**IT IS FURTHER ORDERED** that the amended motion by plaintiffs' for default judgment [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order and the accompanying judgment to defendant at the following address:

> Reid Masonry, LLC
> 1023 Kiefer Ridge Drive
> Ballwin, Missouri 63021

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2011.